UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVID CARTER,

                   Plaintiff,                                 **REPORT & RECOMMENDATION**
                                                                    19 CV 163 (LDH)(LB)

    -against-

CORRECTION OFFICER MICHAEL
SHEPPERSON, *Shield No. 3008*,

                  Defendant.
----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      *Pro se* plaintiff David Carter brings this action alleging that defendant Correction Officer Michael Shepperson violated his civil rights while he was incarcerated at George R. Vierno Center ("GRVC") on Riker's Island. ECF No. 1. Plaintiff's letter titled "Temporary Restraining Order @ 'Comstock' Great Meadow CF," ECF No. 36, was referred to me for a Report and Recommendation by the Honorable LaShann DeArcy Hall in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that plaintiff's letter motion for a Temporary Restraining Order ("TRO") should be denied without prejudice.

## BACKGROUND[1]

      Plaintiff alleges that on January 2, 2019 while he was incarcerated at GRVC, defendant Shepperson[2] entered plaintiff's cell holding a complaint that plaintiff had filed against "Captain Sapp." ECF No. 1 at 4. Defendant allegedly told plaintiff that there was a "good meal tonight" and to "be careful of what [plaintiff's] complaint might consist of." Id. Plaintiff alleges that he had already spoken to investigators about his complaint. Id. When he was eating his dinner, plaintiff alleges that he tasted "feces and bleach" in his food. Id. A kitchen employee motioned towards defendant and told plaintiff that defendant "has beef with [plaintiff]," implying that defendant had tampered with plaintiff's food. Id. Plaintiff alleges that although he "sp[at] up blood" and had an upset stomach later that evening, he was denied medical care. Id. Plaintiff seeks two million dollars

---

[1] Because plaintiff is proceeding *pro se*, the Court reviews his filings "liberally" and interprets them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).
[2] Plaintiff refers to defendant as "Shepard" in his complaint; however, the Office of the Corporation Counsel identified defendant as Correction Officer Michael Shepperson. ECF No. 11.

in damages and an Order directing a captain to supervise the correctional facility's food preparation. Id. at 5.

## PROCEDURAL HISTORY

Plaintiff filed this action on January 7, 2019. ECF No. 1. After the Office of the Corporation Counsel (the "Office") identified defendant and provided his service address, ECF No. 11, the Court ordered the United States Marshals Service to serve defendant, ECF No 12. When the summons was returned unexecuted, ECF No. 24, the Office accepted service on behalf of defendant, ECF No. 26.

Plaintiff filed several letters requesting telephone conferences and seeking discovery. ECF Nos. 15, 18, 21. The Court denied each request, explaining that a conference would be scheduled once defendant responds to plaintiff's complaint. ECF Nos. 17, 20, 22. However, rather than answering plaintiff's complaint, defendant responded by filing a pre-motion conference request in anticipation of moving to dismiss. ECF No. 27. Defendant is permitted to respond in such a way by Rule 12 of the Federal Rules of Civil Procedure and the Rule requires that a motion to dismiss must be made before an answer is filed. Plaintiff has since filed several more letters requesting a telephone conference and seeking discovery.[3] ECF Nos. 32, 34.

Judge DeArcy Hall set the following briefing schedule for defendant's anticipated motion to dismiss: defendant served its motion to dismiss on December 2, 2019, ECF No. 39; plaintiff shall serve his opposition to the motion by January 2, 2020; defendant shall serve its reply and electronically file the fully-briefed motion in accordance with Judge DeArcy Hall's Individual Rules by January 9, 2020.

## DISCUSSION

A TRO is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). The legal standards to grant a TRO are the same as those governing the granting of preliminary

---

[3] Because there is a pending motion to dismiss in this case and discovery is stayed pending the Court's ruling on the motion, plaintiff's requests for a telephone conference and his motion to compel defendants to produce documents are denied without prejudice. ECF Nos. 32, 34.

Plaintiff also requests to be moved to protective custody. ECF No. 35. The Court notes that plaintiff is incarcerated in Great Meadow Correctional Facility, which is not in the Eastern District of New York. Plaintiff's letter is addressed to the "Superintendent." It is not a matter for this Court and the Court shall take no action on the letter.

injunctive relief. The general standard for issuing a preliminary injunction requires that the movant demonstrate "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, plus a balance of hardships tipping decidedly toward the moving party." Oneida Nation of N.Y. v. Cuomo, 645 F.3d 154, 164 (2d Cir. 2011).

Plaintiff moves for a TRO alleging that unidentified correction officers at Great Meadow Correctional Facility where he is currently incarcerated are harassing him and not feeding him. ECF No. 36. He seeks to be placed in protective custody or transferred to another facility and also requests that certain administrators be "made available for inquiry during speacial [sic] TASK force Hearings."[4] Id.

Plaintiff's allegations are insufficient to grant a TRO. Plaintiff fails to allege facts to support his claims and does not state how he would be irreparably harmed absent the requested relief. See Andino v. Fischer, 555 F. Supp. 2d 418, 418 (S.D.N.Y. 2008) (denying *pro se* plaintiff's motion for a TRO because he "failed to demonstrate that he would suffer irreparable harm if the TRO does not issue."). Moreover, prisoners do not have the right to select where they are housed. See Aguiar v. Terrell, No. 11-CV-3944 (DLI), 2011 WL 3665170, at *2 (E.D.N.Y. Aug. 19, 2011) (citing Montanye v. Haymes, 427 U.S. 236, 243 (1976)) (denying *pro se* plaintiff's motion for a TRO to be moved to another cell block).[5]

Finally, plaintiff's letter motion seeking a TRO does not include any allegations against Shepperson, the sole defendant in this case.[6] Simmons v. Giambruno, No. 04-cv-6610 (CJS), 2006 WL 8456595, at *1 (W.D.N.Y. Sept. 12, 2006) (denying *pro se* plaintiff's second motion for a TRO against correction facility employees because he failed to explain "why [he] would be entitled to equitable relief *against any defendant in this action*.") (emphasis in original).

As plaintiff has failed to meet the standards for a TRO (irreparable harm, a likelihood of success on the merits, or sufficiently serious questions going to the merits plus a balance of

---

[4] Plaintiff's request alludes to a "possible murder of a[n] inmate" and an "attempted murder" of him. ECF No. 36. However, plaintiff provides no details regarding these allegations.
[5] The Clerk of Court is directed to send plaintiff the attached copies of all unreported cases cited herein.
[6] Plaintiff's complaint alleges conduct at GRVC; however, his TRO only alleges conduct at Great Meadow Correctional Facility where he is currently incarcerated.

3

hardships tipping in his favor) plaintiff's letter motion for a TRO should be denied without prejudice.[7]

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: December 12, 2019
       Brooklyn, New York

---

[7] To the extent that plaintiff seeks to challenge correction officers' conduct at Great Meadow Correctional Facility, plaintiff must first exhaust the correctional facility's internal grievance procedure. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under Section 1983 . . . until such administrative remedies as are available are exhausted.").